IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
MAY 01 2001
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| INDEPENDENT SCHOOL DISTRICT NO. 3 OF TULSA COUNTY, OKLAHOMA, a/k/a BROKEN ARROW PUBLIC SCHOOLS, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. _____ ) |
| J. I. and J.I., as Parents and Next Friends of J.I., a minor, | ) ) ) |
| Defendants. | ) |

01CV0325B (E)

## COMPLAINT

The Plaintiff, Independent School District No. 3 of Tulsa County, Oklahoma, a/k/a Broken Arrow Public Schools (the "School District"), for its cause of action against the Defendants, J.I. and J.I., as Parents and Next Friends of J.I., a minor, states as follows:

1. This claim arises from the administrative appeal of Due Process Hearing No. 1683 ("DPH No. 1683"), conducted under procedures established by the Oklahoma State Department of Education. Because this matter involves a child with a disability, the School District has identified the child and his parents only by their initials to protect their right to confidentiality.

2. This Court has jurisdiction over this matter pursuant to Section 1415(i)(2)(A) of the Individuals with Disabilities Education Act, 20 U.S.C.A §§ 1400 et seq. (the "IDEA") and 28 U.S.C.A. § 1331.

3. On November 4, 1999, the Parents submitted a due process hearing request against the School District on behalf of the minor, J.I., alleging violations of the IDEA. The Oklahoma State Department of Education appointed a hearing officer, who heard DPH No. 1683 on February 8 and 23; March 6, 21 and 22; April 4 and 5; May 15, 16, 17, 18, 19, 22, 23 and 24; June 16 and 20; and July 10 and 11, 2000. On January 29, 2001, the hearing officer entered her decision, finding all but two issues raised in the due process hearing request for the School District.

4. Both the parents and the School District submitted appeals of the hearing officer's decision to the Oklahoma State Department of Education, which appointed an appeal officer to hear the matter. Neither parties submitted additional evidence on appeal. After receiving briefs, the appeal officer entered his decision on March 30, 2001.

5. The School District is aggrieved by the decisions of the hearing and appeal officers in DPH No. 1683 in that they misconstrue certain facts presented and misapply applicable law. Specifically, the administrative officers (1) exceeded their authority or the scope of the hearing or otherwise erred in requiring the School District to pay one-half of the expert witness fee of the licensed psychologist and (2) erred in concluding that the student is a child with a specific learning disability and eligible for services as a child with a specific learning disability under the IDEA. The School District contends that the facts of this case and the applicable law fail to support the decisions as to these two matters only.

6. The School District is entitled have this Court receive the record of the administrative proceedings below, hear additional evidence as appropriate and grant such

relief as the Court determines is appropriate based on the preponderance of the evidence presented.

WHEREFORE, the School District prays that this Court (1) reverse the decision of the administrative officers in DPH No. 1683 only as to the two stated issues and (2) grant all other relief to the School District that this Court determines to be just and appropriate.

Respectfully submitted,

*Andrea R. Kunkel*
Andrea R. Kunkel, OBA No. 11896
Rosenstein, Fist & Ringold
525 South Main Street, Suite 700
Tulsa, Oklahoma 74103-4508
Telephone: (918) 585-9211
Facsimile: (918) 583-5617
Email: andreak@rfrlaw.com

Attorneys for the Plaintiff, Independent School District No. 3 of Tulsa County, Oklahoma